In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1203

REE CLAY and RUBY CHIVERS,

Plaintiffs-Appellees,

v.

IVER R. JOHNSON and MARVIN BILFELD,
d/b/a DAVENPORT CONSTRUCTION COMPANY,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 6007--Morton Denlow, Magistrate Judge.

ARGUED JANUARY 12, 2001--DECIDED September 5, 2001


   Before RIPPLE, ROVNER and EVANS, Circuit
Judges.

   RIPPLE, Circuit Judge.  Ree Clay and Ruby
Chivers (collectively "the plaintiffs")
entered into a series of retail
installment contracts and mortgages to
finance home improvements provided by
Davenport Construction Company
("Davenport"). Marvin Bilfeld,
Davenport's owner, assigned Davenport's
interest in the contracts to Iver
Johnson, who became the mortgagee. The
plaintiffs filed this suit against
Bilfeld, Johnson, and Davenport
(collectively "the defendants") to obtain
damages and a recision of their contracts
based on the defendants' alleged failure
to make a proper disclosure under the
Truth in Lending Act ("TILA"), 15 U.S.C.
sec. 1601 et seq. The district court
granted partial summary judgment in favor
of the plaintiffs on the issue of
liability and awarded them statutory
damages and attorneys' fees. The
defendants have appealed the district
court's judgment. For the reasons set
forth in the following opinion, we
reverse the judgment of the district
court.

I

BACKGROUND

## A. Facts

The plaintiffs are sisters who live together in a home owned by Ms. Clay. On three separate occasions in 1995, the plaintiffs executed retail installment contracts in which they mortgaged the house to finance the purchase of home improvements from Davenport./1 Davenport assigned its interest in each of these contracts to Johnson, making Johnson the mortgagee.

Each of the retail installment contracts the plaintiffs signed contained a "Federal Truth-In-Lending Disclosure Statement," otherwise known as a "federal box," which contained the disclosures required by TILA. R.23, Ex.E at 1, Ex.G at 1; R.68, Ex.7 at 1. One of the disclosures required by TILA is the debtor's payment schedule, which includes the date on which the debtor must begin making payments. See 15 U.S.C. sec. 1638(a)(6); 12 C.F.R. sec. 226.18(g) (2001). According to the information the defendants wrote in the federal box, the plaintiffs' monthly payments would begin "30 days from completion" of the construction work on the house. R.23, Ex.E at 1, Ex.G at 1; R.68, Ex.7 at 1. Approximately one month after the plaintiffs signed each of their contracts, Johnson sent them a letter informing them that he had purchased the contract and mortgage from Davenport and that the plaintiffs should begin making payments to him thirty days after they signed a completion certificate confirming the value of the work Davenport had done. As the time of completion neared, the parties were able to determine the start date of the plaintiffs' payments more precisely, and they typed the specific date on which the plaintiffs' first payment was due onto the contract.

For several months, the plaintiffs made their monthly payments on one of the three contracts. These payments stopped in December 1995. The plaintiffs never made any payments on the other two contracts. The plaintiffs eventually notified the defendants in writing that they "rescind[ed] any obligation to [the defendants] for failure to comply with the Truth in Lending Act." R.23, Ex.D. Five days after the plaintiffs sent their recision notice to the defendants, Ms.

Clay filed for bankruptcy.

B.  Earlier Proceedings

On the same day that Ms. Clay filed for bankruptcy, the plaintiffs filed this TILA action in the district court. The plaintiffs sought to rescind their contracts and to recover statutory damages and attorneys' fees based on the defendants' alleged failure to disclose properly the payment schedule. The district court granted summary judgment to the plaintiffs on the issue of liability. It held that TILA required the defendants to provide an exact date on which the plaintiffs' payments would be due or to provide an estimate of the due date if they could not determine a precise calendar date. Therefore, the district court believed that the defendants' disclosure of "30 days from completion" did not comply with TILA. The court also held that, even though the defendants had provided the plaintiffs with an exact date after the contracts had been signed, that disclosure did not comply with TILA's mandate that the required disclosures be grouped together and segregated from other information. See 15 U.S.C. sec. 1638(b)(1); 12 C.F.R. sec. 226.17(a)(1) (2001). The court believed that the defendants' failure to comply with TILA constituted a technical violation of the statute that entitled the plaintiffs to rescind their contracts, which they had done adequately by providing written notice of the recision to the defendants.

The defendants filed a motion for reconsideration following the district court's grant of partial summary judgment to the plaintiffs. The defendants' argument was based on Comment 18(g)-4 to Regulation Z, which was promulgated by the Board of Governors of the Federal Reserve System ("the Board") to interpret the provisions of TILA. The defendants maintained that Comment 18(g)-4 specifically stated that a creditor could satisfy TILA by defining the beginning payment date by reference to the occurrence of a particular event rather than by disclosing a precise calendar date. The district court rejected the defendants' argument because Comment 18(g)-4 had not been issued at the time the defendants made their disclosures to the plaintiffs. The court did not believe

that the comment could be applied retroactively to validate the defendants' disclosure in this case.

In light of its judgment in favor of the plaintiffs on liability, the district court granted the plaintiffs the recision they requested and awarded them $6,000 in statutory damages for the defendants' violation of their recision rights. The court did not award damages for the defendants' disclosure violation because it determined that the plaintiffs' claims in this regard were time barred. The court also concluded that TILA required the plaintiffs to return the defendants' property--in this case, the fair market value of the work the defendants had performed on the house--and it therefore ordered the plaintiffs to return $32,000 to the defendants./2 Lastly, the court awarded the plaintiffs $38,000 in attorneys' fees.

II

DISCUSSION

The defendants have appealed the district court's grant of summary judgment and the concomitant award of statutory damages and attorneys' fees. The defendants argue that the district court erred in holding that Comment 18(g)-4 could not be given retroactive effect. The defendants also maintain that their subsequent disclosure of an exact beginning payment date was sufficient to satisfy TILA and that the plaintiffs did not properly preserve or exercise their recision rights. The plaintiffs respond by arguing that Comment 18(g)-4 is inconsistent with a previous position adopted by the Board and therefore cannot be applied retroactively. The plaintiffs also submit that the defendants' subsequent disclosure of an exact date on which their payments were due did not satisfy TILA because TILA does not allow piecemeal disclosures and because the defendants did not send them a new notice of their right to rescind. Lastly, the plaintiffs assert that they exercised their right to rescind in a timely and proper fashion. Because the issue of the retroactive application of Comment 18(g)-4 is potentially dispositive of this case, we turn to it first.

The disclosures a creditor must make at

the time he extends credit to a consumer are governed by TILA and its implementing regulation, Regulation Z. See 15 U.S.C. sec. 1638; 12 C.F.R. sec. 226.18 (2001). The Board publishes official staff commentary to Regulation Z that is dispositive in TILA cases unless the commentary is demonstrably irrational. See Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 565 (1980). Because the date on which a debtor must begin making payments is a required disclosure under TILA, the manner in which the creditor must make the disclosure is governed by Regulation Z and its commentary. See 15 U.S.C. sec. 1638(a)(6); 12 C.F.R. sec. 226.18(g) (2001).

While this case was pending in the district court, the Board undertook the process of issuing Comment 18(g)-4, its official staff interpretation of TILA's payment schedule disclosure requirement. In December 1997, the Board published a proposed version of Comment 18(g)-4 for public comment. The proposed comment provided:

Timing of payments. Creditors must disclose when payments are due, including the calendar date that the beginning payment is due. For example, a creditor may disclose that payments are due "monthly beginning on July 1, 1998." A reference to the occurrence of a particular event, for example, disclosing that the first payment is due "30 days after the completion of construction," is not sufficient. If the beginning-payment date is unknown, the creditor must use an estimated date and label the disclosure as an estimate pursuant to sec. 226.17(c).

62 Fed. Reg. 64769, 64775 (proposed Dec. 9, 1997). The Board stated in its notice of proposed rulemaking that "[p]roposed comment 18(g)-4 clarifies the requirements for disclosing the timing of payments." Id. at 64771.

The Board received about 110 comments in response to its proposed amendments to the commentary. See 63 Fed. Reg. 16669, 16670 (Apr. 6, 1998). It published the final version of Comment 18(g)-4 in April 1998. See id. at 16673. The final version of Comment 18(g)-4 establishes a general rule requiring that creditors disclose a specific date on which the debtor's

payments will begin. See 12 C.F.R. pt. 226, Supp. I, Par. 18(g)(4)(i) (2001). However, the final version of Comment 18(g)-4 eliminated the proposed comment's prohibition on disclosing the beginning payment date by referring to a specified event, such as "30 days from completion of construction." See id. at Par. 18(g)(4)(ii). Several commentators had indicated to the Board during the comment period that the exact date on which payments should begin is often difficult to determine with specificity at the time TILA's disclosures must be made. See 63 Fed. Reg. at 16673. Thus, the Board adopted the following exception to Comment 18(g)-4's general rule:

In a limited number of circumstances, the beginning-payment date is unknown and difficult to determine at the time disclosures are made. For example, a consumer may become obligated on a credit contract that contemplates the delayed disbursement of funds based on a contingent event, such as the completion of home repairs. Disclosures may also accompany loan checks that are sent by mail, in which case the initial disbursement and repayment dates are solely within the consumer's control. In such cases, if the beginning-payment date is unknown the creditor may use an estimated date and label the disclosure as an estimate pursuant to sec. 226.17(c). Alternatively, the disclosure may refer to the occurrence of a particular event, for example, by disclosing that the beginning payment is due "30 days after the first loan disbursement." This information also may be included with an estimated date to explain the basis for the creditor's estimate.

12 C.F.R. pt. 226, Supp. I, Par. 18(g)(4)(ii) (2001). As it had with the proposed version of Comment 18(g)-4, the Board indicated that it intended for the final version of Comment 18(g)-4 to interpret and clarify a creditor's existing obligations under TILA and Regulation Z. See 63 Fed. Reg. at 16673.

The adopted version of Comment 18(g)-4 is the current state of the law. However, Comment 18(g)-4 had not been adopted at the time the defendants made their disclosures to the plaintiffs. The parties therefore dispute whether Comment

18(g)-4 can be applied retroactively to the defendants' disclosure in this case. If an agency promulgates a new rule that changes the substantive state of existing law, that rule is not retroactive unless Congress expressly authorized retroactive rulemaking and the agency clearly intended the rule to be retroactive. See Pope v. Shalala, 998 F.2d 473, 483 (7th Cir. 1993) (citing Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988)), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561 (7th Cir. 1999). However, a "rule simply clarifying an unsettled or confusing area of the law . . . does not change the law, but restates what the law according to the agency is and has always been." Id.; see also First Nat'l Bank of Chicago v. Standard Bank & Trust, 172 F.3d 472, 478 (7th Cir. 1999). A clarifying rule, therefore, can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand. See Pope, 998 F.2d at 483 (quoting Manhattan Gen. Equip. Co. v. Comm'r, 297 U.S. 129, 135 (1936)). We give great deference to the promulgating agency'sexpressed intent as to whether its rule changes the law or merely clarifies it. See id.; First Nat'l, 172 F.3d at 478. We "will defer to an agency's expressed intent that a regulation is clarifying unless the prior interpretation of the regulation or statute in question is patently inconsistent with the later one." Pope, 998 F.2d at 483; see also First Nat'l, 172 F.3d at 478.

   The district court believed that the position the Board announced in its proposed version of Comment 18(g)-4 was patently inconsistent with the position the Board announced in the adopted version of Comment 18(g)-4. The court noted that the Board initially indicated in its proposed comment that the "30 days from" language was not sufficient to satisfy TILA, then decided in its adopted version of Comment 18(g)-4 that this same language was sufficient. The court thought it was incongruous for the Board to characterize both of these positions as a clarification of the existing law; it did not believe that two such contradictory statements could both be clarifications. As a result, the court determined that the adopted rule must have been a change in the law that could

not have a retroactive effect.

The district court recognized the different procedural postures in which the Board issued its conflicting statements, but it did not perceive the difference as significant. We respectfully disagree with the district court's assessment. The Supreme Court has drawn a distinction between proposed and adopted rules. See Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 845 (1986). The Court has explained that inconsistencies between an agency's proposed rule and a later-adopted rule are not a valid basis for refusing to defer to an agency's official interpretation of a statute it administers. See id. An agency is entitled to use the comment period

to consider alternative interpretations before settling on the view it considers most sound. Indeed, it would be antithetical to the purposes of the notice and comment provisions of the Administrative Procedure Act to tax an agency with "inconsistency" whenever it circulates a proposal that it has not firmly decided to put into effect and that it subsequently reconsiders in response to public comment.

Id. (internal citation omitted).

In light of the Supreme Court's discussion in Schor, the Tenth Circuit has determined that an agency's reconsideration of a proposed rule is not a sufficient basis on which to refuse to defer to the agency's final interpretation. See Joy Techs., Inc. v. Sec'y of Labor, 99 F.3d 991, 998 (10th Cir. 1996) (stating that an agency's rule was entitled to deference even though the final rule conflicted with an earlier proposal that was retracted). Another circuit has gone so far as to refuse to take cognizance of an agency's proposed rule. See Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp., 917 F.2d 1171, 1173 n.5 (9th Cir. 1990) (stating that, although the regulation at issue allegedly was contrary to an earlier pro posed regulation, the court "decline[d] to take cognizance of the proposed regulation"). In short, "a proposed regulation does not represent an agency's considered interpretation of its statute," Schor, 478 U.S. at 845, and

therefore is not entitled to deference.

We are convinced that the Board's retraction of its initial position is not sufficient to tax the Board with inconsistency. The Board recognized that creditors were confused about what TILA required them to disclose with respect to the beginning payment date. See 63 Fed. Reg. at 16673. The Board was "aware that creditors could reasonably have interpreted the statutory requirement for specifying the 'period of payments' in different ways." Id. Although the Board initially thought it proper to clarify the law by requiring creditors to disclose an exact date, it apparently thought better of that position following the comment period and in light of the comments it received.

Because the difference between the Board's proposed version of Comment 18(g)-4 and the adopted version of Comment 18(g)-4 is the only inconsistency to which the district court--and the plaintiffs on appeal--have pointed, we see no reason not to defer to the Board's characterization of Comment 18(g)-4 as a clarification of the existing law. As such, Comment 18(g)-4 should be applied to the facts of this case.

This application is a straightforward proposition. Although Comment 18(g)-4's general rule requires a creditor to disclose a specific date on which the debtor's payments will begin, its exception definitively states that a creditor may disclose the debtor's beginning payment date by referring to a specified event, such as "'30 days after the first loan disbursement.'" 12 C.F.R. pt. 226, Supp. I, Par. 18(g)(4)(ii) (2001). The defendants' disclosure that the plaintiffs' monthly payments would be due beginning "30 days from completion" of the construction therefore falls within Comment 18(g)-4's exception. Consequently, the defendants' disclosure of the plaintiffs' beginning payment date was sufficient to comply with TILA, and the plaintiffs are not entitled to rescind their contracts or to recover damages on this ground./3

Conclusion

The district court erred in holding that Comment 18(g)-4 does not have retroactive

effect. Comment 18(g)-4 does apply to the defendants' disclosure of the plaintiffs' beginning payment date, and it establishes that the defendants' disclosure complied with TILA's requirements. Plaintiffs, therefore, are not entitled to rescind their contracts or to recover damages or attorneys' fees under TILA. Accordingly, the judgment of the district court is reversed.

REVERSED

FOOTNOTES

/1 Both Ms. Clay and Ms. Chivers were parties to the first two contracts. Only Ms. Clay signed the third contract.

/2 Pursuant to her bankruptcy plan, Ms. Clay had returned $20,000 of the value of the work done to the defendants at the time the district court issued its judgment.

/3 The plaintiffs recognize that, even though the defendants initially disclosed their beginning payment date as "30 days from completion" of the construction, the defendants subsequently provided them with an exact calendar date and typed that date onto their contracts. The plaintiffs argue that this later disclosure did not comply with TILA because (1) TILA's disclosures cannot be made piecemeal and (2) the defendants did not set off the date from the other disclosures. The plaintiffs further assert that the defendants failed to provide them with a proper corrected notice of recision rights once the defendants disclosed the exact date on which their payments were to begin. These arguments are rendered moot by our determination that the defendants' initial disclosure satisfied TILA; therefore, we need not reach their merits.