NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2010
Decided October 18, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-1425

| | |
|---|---|
| ALEX POROJ-MEJIA,<br>    *Petitioner*,<br><br>    *v.*<br><br>ERIC H. HOLDER, JR., Attorney<br>General of the United States,<br>    *Respondent*. | Petition for Review of an Order of the<br>Board of Immigration Appeals.<br><br><br>No. A098-967-868 |

**O R D E R**

Poroj-Mejia brought this petition to challenge the denial of his application for withholding of removal. Poroj-Mejia entered the United States illegally from his native Guatemala around 2000. In 2006, after police arrested him during a traffic encounter, the government commenced removal proceedings. Before an Immigration Judge (IJ), Poroj-Mejia requested asylum under 8 U.S.C. § 1158(a)(1) and withholding of removal under 8 U.S.C. § 1231(b)(3). The IJ found Poroj-Mejia ineligible for asylum because he filed his application more than one year after entering the United States. *See* § 1158(a)(2)(B). Poroj-Mejia does not contest his ineligibility for asylum but continues to pursue his application for withholding of removal.

At his removal hearing, Poroj-Mejia asserted that if he is sent back to Guatemala, he would be persecuted by the Mara 18, a violent criminal gang. He explained that in 1994, when he was 8, Mara 18 members entered his house and threatened him and his brother with a knife. Six years later, the Mara 18 sent his family a letter demanding money and threatened to kill them if the gang's demands were not met. After this incident, Poroj-Mejia's mother complained to the Guatemalan police about the Mara 18. In response, the police visited the family's home, spoke to the mother for an hour, and eventually filed charges. They also advised the family to get a pistol and two dogs for protection. Immediately after the police visit, Poroj-Mejia and his mother fled to the United States.

Poroj-Mejia told the IJ that the Mara 18 will persecute him because he is a member of a "social group" that he defines as members of families who sought police assistance against the Mara 18. He believes that the gang never forgets anyone and makes good on its vendettas. As an example, he recounts that about five years after he entered the United States, his first cousin was deported to Guatemala where, according to unsubstantiated assertions of some locals, he was immediately killed by the Mara 18. Poroj-Mejia did not present any other evidence that, in general, the Mara 18 more frequently targets people from families who complain to police than it hits on people in the general population. The State Department's 2007 Country Report finds that Guatemala generally experiences "widespread" societal violence and killings.

The IJ denied Poroj-Mejia's application for withholding of removal. First, the IJ explained that Poroj-Mejia's proposed social group did not qualify for protection under § 1231(b)(3)(A). The IJ also found that Poroj-Mejia presented insufficient evidence that the Mara 18 target his proposed group or that Guatemalan authorities were unable or unwilling to try to control the Mara 18. The Board of Immigration Appeals dismissed Poroj-Mejia's appeal. Like the IJ, the Board concluded that Poroj-Mejia was not part of a qualifying social group and further that the evidence did not support a finding that any threatened harm was on account of his membership in a social group.

Before reaching the merits on review, we consider a threshold question of venue that the Board addressed. Citing a memorandum from the Office of the Chief Immigration Judge and proposed regulations, *see* 72 Fed. Reg. 14,494, 14,497 (March 28, 2007), the Board concluded that the location where the applicant is ordered to appear governs venue in removal proceedings. The Notice to Appear ordered Poroj-Mejia to come to a hearing room in Kansas City, Missouri. Hence, the Board concluded, venue lay in the Eighth Circuit—even though the IJ was located in Chicago when conducting the proceeding via teleconference with Poroj-Mejia in Missouri.

We, and both parties to this appeal, disagree with the Board's findings on venue.

The Immigration and Naturalization Act states: "A petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *Ramos v. Ashcroft*, 371 F.3d 948, 949 (7th Cir. 2004). An internal memorandum and a proposed regulation do not override the statute. *See Clay v. Johnson*, 264 F.3d 744, 750 (7th Cir. 2001) (agency's proposed regulations not entitled to deference); *United States v. Wisconsin Power & Light Co.*, 38 F.3d 329, 334 (7th Cir. 1994) (memoranda of the IRS' General Counsel have no precedential value); *Environmental Defense Fund, Inc. v. City of Chicago*, 985 F.2d 303, 304 (7th Cir. 1993) (EPA memorandum cannot override statute). Because an IJ in Chicago conducted Poroj-Mejia's removal proceeding, venue lies in this circuit. Accordingly, we proceed to the merits.

On the merits, we review the Board's legal conclusions de novo and its factual determinations for substantial evidence. *Krasilych v. Holder*, 583 F.3d 962, 966 (7th Cir. 2009). To qualify for withholding of removal, Poroj-Mejia must establish a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). To repeat, Poroj-Mejia maintains that the Mara 18 will persecute him on account of his membership in the social group comprised of members of families who have sought police protection from the gang.

The Immigration and Naturalization Act does not define "social group." We have agreed with the Board's definition that a "social group" is one whose members share "common characteristics that members of the group either cannot change, or should not be required to change because such characteristics are fundamental to their individual identities." *Ramos v. Holder*, 589 F.3d 426, 428 (7th Cir. 2009). This common characteristic may be some shared past experience. *See Sepulveda v. Gonzales*, 464 F.3d 770, 771 (7th Cir. 2006).

Poroj-Mejia contends that his social group shares the past experience of having sought police protection against the Mara 18. Poroj-Mejia likens his group to those in cases where we found that past associations created a "social group." *See Ramos*, 589 F.3d at 428-31 (former members of a violent street gang); *Sepulveda*, 464 F.3d at 772 (former employees of Colombia Attorney General's Office). But in these and other cases, the social groups exist independently of any relationship to the persecutor. *See Ramos*, 589 F.3d at 428-31; *Gatimi*, 578 F.3d at 613 (former members of the Kikuyu tribe, a militant political group that dominated Kenyan politics); *Sepulveda*, 464 F.3d at 772. Poroj-Mejia's proposed group has no existence independent of the Mara 18. Where a proposed group is defined only by the characteristic that it is persecuted, it does not qualify as a "social group." *See Castillo-Arias v. U.S. Atty. Gen.*, 446 F.3d 1190, 1193-94 (11th Cir. 2006) (referencing UN's definition of "particular social group"); *Castellano-Chacon v. INS*, 341 F.3d 533, 548 (6th Cir. 2003) (same).

Likewise, a social group does not exist when its members face dangers in retaliation for actions they took against alleged persecutors. *See Jun Ying Wang v. Gonzales*, 445 F.3d 993, 998 (7th Cir. 2006) (cooperating with U.S. government officials against foreign persecutors); *Pavlyk v. Gonzales*, 469 F.3d 1082, 1088-89 (7th Cir. 2006) (former Ukranian prosecutor persecuted because he exposed corruption of persecutors, not because he was a former prosecutor). Although the threat Poroj-Mejia fears is serious, the Mara 18 threatens him as a member of his "group" only because the group's members have opposed the Mara 18. The group thus faces retribution because of a personal dispute in opposing the Mara 18, rather than because of a protected trait. *See Tariq v. Keisler*, 505 F.3d 650, 654 (7th Cir. 2007) (personal disputes cannot be the basis for withholding of removal); *see also Marquez v. INS*, 105 F.3d 374, 380 (7th Cir. 1997) (petitioner's dispute with Filipino government concerning seizure of his private property could not support asylum).

Even if Poroj-Mejia were a member of a protected social group, we would deny his petition for review on the alternative basis that the Board offered: Substantial evidence supports the Board's finding that any risks Poroj-Mejia faces are based on the conditions of civil unrest and criminal violence affecting the entire populace, rather than his group particularly. *See Pavlyk*, 469 F.3d at 1088-89. The State Department's Country Report reflects that broad social violence afflicts the entire Guatemalan population. In fact, the record suggests that the Mara 18 targeted Poroj-Mejia and his family twice *before* anyone in his family complained to the police about the gang. Although, Poroj-Mejia testified that the Mara 18 killed his first cousin after he was deported to Guatemala, the IJ did not find this testimony credible, based as it was on unrecorded accounts from unnamed sources. Given the highly deferential standard for reviewing an IJ's credibility finding, Poroj-Meija offers no valid reason to disturb it. *See Margos v. Gonzales*, 443 F.3d 593, 597 (7th Cir. 2006); *Diallo v. Ashcroft*, 381 F.3d 687, 698 (7th Cir. 2004). Thus, the Board's overall conclusion is sound: Poroj-Mejia has not established that the Mara 18 generally targets members of his group more than civilians in the general population.

Regrettably, the Mara 18 may be a formidable criminal element in Guatemala. But after the one incident where his mother called the police, Guatemalan authorities responded by visiting the family at their home, gathering information, and filing charges against the suspects. Under these circumstances, Poroj-Meija has not established a basis for withholding of removal. *See Ingmantoro v. Mukasey*, 550 F.3d 646, 650 (7th Cir. 2008); *Hasalla v. Ashcroft*, 367 F.3d 799, 804 (8th Cir. 2004).

Poroj-Mejia's petition for review is DENIED.