BENTON, Circuit Judge,
concurring in part and dissenting in part.
I concur in Part 11(A) of the court’s opinion.
There is no need for a remand on whether Tovar states a claim against HPAI or HealthPartners, the third-party administrator, under Section 1557, 42 U.S.C. § 18116(a). Tovar’s statutory standing to sue HPAI or HealthPartners was thoroughly briefed and argued before this court. Cf. Loftness Specialized Farm Equip., Inc. v. Twiestmeyer, 742 F.3d 845, 851 (8th Cir. 2014) (remanding where the parties “did not comprehensively brief or argue” the alternative ground). Whether Tovar states a claim under § 1557 is “pure question of law that this Court can and should resolve without need for remand.” See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng’rs & Trainmen Gen. Comm of Adjustment, 558 U.S. 67, 79, 130 S.Ct. 584, 175 L.Ed.2d 428 (2009). See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 936 (8th Cir. 2012) (‘Whether a complaint states a cause of action is a question of law which we review on appeal de novo.”).
The parties agree that the Office for Civil Rights’ regulations interpreting *780 § 1557 deserve Chevron deference. See Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 865-66, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). They also agree that OCR’s explanatory commentary to its regulations deserve deference. See Barnhart v. Walton, 535 U.S. 212, 221-222, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002) (“[T]he fact that the Agency previously reached its interpretation through means less formal than ‘notice and comment’ rulemaking ... does not automatically deprive that interpretation of the judicial deference otherwise its due.”); Citizens Exposing Truth About Casinos v. Kempthorne, 492 F.3d 460, 467 (D.C. Cir. 2007) (where publication in the Federal Register “reflects a deliberating agency’s self-binding choice, as well as a declaration of policy, it is further evidence of Chevron-worthy interpretation”).
Assuming the OCR’s commentary applies,[4] it states that “third party administrators are generally not responsible for the benefit design of the self-insured plans they administer and that ERISA (and likely the contracts into which third party administrators enter with the plan sponsors) requires plans to be administered consistent with their terms.” 81 Fed. Reg. 31432 (May 18, 2016). However, a TPA may be liable under § 1557 “when the alleged discrimination is in the administration of the plan”—that is, for example, where a TPA “denies a claim because the individual’s last name suggests that she is of a certain national origin or threatens to expose an employee’s transgender or disability status to the employee’s employer.” 81 Fed. Reg. 31433. Discrimination in administration is not the only way a TPA may be liable under § 1557. The OCR will “engage in a ease-by-case inquiry to evaluate whether a third party administrator is appropriately subject to Section 1557 as a recipient in situations in which the third party administrator is legally separate from an issuer that receives Federal financial assistance for its insurance plans.” Id.
The OCR lists two “principles developed in longstanding civil rights case law” that inform the case-by-case determination whether a TPA is appropriately subject to § 1557. First, “the degree of common ownership and control between the two entities.” Tovar did not allege that HPAI or HealthPartners share with Essentia any “degree of common ownership and control,” nor did she make any factual allegation that supports such an inference. Although Tovar’s brief makes arguments about common ownership and control, “an attempt to amend one’s pleadings in an appellate brief comes too late.” See Dorothy J. v. Little Rock Sch. Disk, 7 F.3d at 729, 734 (8th Cir. 1993).
Second, the case-by-case inquiry examines “whether the purpose of the legal separation is a subterfuge for discrimination—that is, intended to allow the entity to continue to administer discriminatory health-related insurance or other health-related coverage.” 81 Fed. Reg. 31433. To-var neither alleged nor made any factual allegations that support an inference that *781 HPAI or HealthPartners is a subterfuge for discrimination “intended to allow [Es-sentia] to continue to administer discriminatory health-related insurance.” See id. Tovar’s factual allegations include that Es-sentia’s “plan corresponds to an insurance policy offered to employers by HealthPart-ners and known as Policy No. G008HPC-03.” This allegation, taking all inferences in Tovar’s favor, does not state a claim against HealthPartners or HPAI under § 1557. Alleging that the plan “corresponds to an insurance policy offered” by HPAI or HealthPartners does not allege anything about the administration of the plan. Nor does it state a claim against HPAI or HealthPartners under OCR’s guidelines for a “case-by-case inquiry”: It does not allege “common ownership or control between the two entities” or that the purpose of HPAI’s “legal separation is a subterfuge for discrimination.”
The complaint’s theory against HPAI or HealthPartners is that it “discriminated against Plaintiff in violation of Section 1557 ... by serving as the third party administrator for the Essentia Health Employee Medical plan and enforcing the Plan’s discriminatory exclusion of any ‘[s]ervices and/or surgery for gender reassignment.’ ” This claim alleges only “serving as the third party administrator,” and “enforcing the Plan.” There is no allegation that HPAI or HealthPart-ners: 1) discriminated in its administration of Essentia’s policy, 2) shared common ownership or control with Essentia, or 3) served as a “subterfuge for discrimination ... intended to allow [Essentia] to continue to administer discriminatory health-related insurance.” The allegations in Tovar’s complaint, drawing all inferences in her favor, do not allege a plausible theory of TPA liability under § 1557.
Tovar’s allegations against Essentia fit the “typical” scenario where OCR will pursue only the employer: “Where, by contrast, the alleged discrimination relates to the benefit design of a self-insured plan— for example, where a plan excludes coverage for all health services related to gender transition—and where OCR has jurisdiction over a claim against an employer under Section 1557 because the employer falls under one of the categories in § 92.208, OCR will typically address the complaint against the employer.” Id.
Because I would affirm the district court’s dismissal without prejudice of To-var’s claim against HPAI or HealthPart-ners, I dissent in part.

. The commentary was published May 18, 2016, with an effective date of July 18, 2016— both after Tovar’s complaint was dismissed. An agency's “interpretive regulation that is substantially consistent with prior regulations or prior agency practices, and has been accepted by all Courts of Appeals to consider the issue, can be applied to cases pending at the time the regulation is promulgated.” Brandywine Explosives & Supply v. Dir., Office of Workers’ Comp. Programs, 790 F.3d 657, 662-63 (6th Cir. 2015). See Clay v. Johnson, 264 F.3d 744, 750 (7th Cir. 2001) ("A clarifying rule, therefore, can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand.”); Antelope Coal Co./Rio Tinto Energy America v. Goodin, 743 F.3d 1331, 1342 (10th Cir. 2014) (same).