USCA1 Opinion

 

 November 17, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1020 LIQUILUX GAS CORPORATION, Plaintiff, Appellant, v. MARTIN GAS SALES, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Fernando L. Gallardo with whom Woods & Woods was on brief for _____________________ ______________ appellant. Danilo M. Eboli, with whom Jose A. Axtmayer, Francisco A. Besosa, _______________ _________________ ___________________ Goldman Antonetti Ferraiuoli & Axtmayer, Timothy McCormick and ___________________________________________ ___________________ Thompson & Knight were on brief for appellees. _________________ ____________________ ____________________ ALDRICH, Senior Circuit Judge. In Puerto Rico, _____________________ liquified petroleum gas (LPG) must be refined or imported. In 1982 Caribbean Oil Refining Company, a main Puerto Rico importer, closed operations, and Martin Gas Sales, Inc., a Texas corporation, contemplated becoming a replacement. It contracted with Empire Gas Company, a Puerto Rico wholesaler, that Empire would buy all its gas from Martin. Allegedly to reward Ramon Gonzalez Cordero, Empire's president, for obtaining the contract, and to encourage him to seek other Martin purchasers, Martin agreed to pay him 1 cents royalty on every gallon of gas offloaded at Martin's terminal. Thereafter Martin became an importer under the name of Puerto Rico Fuels and duly paid the royalty. Plaintiff Liquilux Gas Corporation, another Puerto Rico wholesaler, and competitor of Empire, became a Martin customer. It learned of the royalty agreement on June 25, 1987 and brought this Puerto Rico antitrust action against Martin and Gonzalez on November 20, 1990. Without considering the merits, the district court granted defendants' motion to dismiss for lack of jurisdiction, holding that original jurisdiction lay in the Puerto Rico Public Service Commission (PSC). It denied plaintiff's motion for reconsideration and entered judgment accordingly. Liquilux duly appealed. We affirm. -2- Between 1982 and 1987 much occurred. Puerto Rico's antitrust statute, known as Act 77, 10 L.P.R.A. 257 et __ seq. (1988), exempts government-regulated companies.1 ___ Section 1002(c) of PSC's enabling statute, Law 109, 27 L.P.R.A. 1001 et seq. (1988), granting it exclusive __ ___ jurisdiction, reads, "Public-service company" includes any public carrier, conduit conveyance enterprise, gas enterprise, electric _______________ power enterprise, telephone enterprise, telegraph enterprise, dry dock enterprise, travel bureau, transportation broker, dock operator, warehouser, toll bridge enterprise, nuclear power enterprise, communal television antenna enterprise, and moving enterprise offering to render or rendering their services or offering to deliver or delivering products, for pay, to the _________________________________________ public in general or to a part thereof, ________________________________________ in Puerto Rico. It does not include persons rendering service for their exclusive use or that of their tenants. (Emphasis supplied.) Until May 15, 1986 the definition of a gas enterprise, section 1002(q), read in connection with section 1002(c), did not expressly include Puerto Rico refineries and importers. On February 27, 1984, however, the ____________________ 1. The legal regulation of public utilities, insurance companies and any other enterprises or entities subject to special regulation by the Government of the Commonwealth of Puerto Rico or by the United States Government, including cooperatives, shall not be affected by this act. Section 257. (Historical note). -3- PSC decided that they fell within the statutory language. See Caribbean Gulf Refining Corp. v. Public Service ___ _________________________________ _______________ Commission, Superior Court, San Juan Part, Civil No. 84-1534 __________ (May 5, 1986). Martin disagreed, and litigation ensued. While this was in progress the legislature concerned itself with an amendment. The Superior Court moved faster. On May 5, 1986 it decided that importers, Puerto Rico Fuels v. ___________________ Public Service Commission, Civil No. 84-1533, as well as __________________________ refineries, Caribbean Gulf Refinery, supra, were not within _______________________ _____ the statute. Martin's comfort was short lived. Ten days later the legislature amended section 1002(q), the underlined words being the additions. "Gas enterprise" includes any person who owns, controls, operates or manages as a public service company any plant or business in Puerto Rico for the importing, production, generation, _________ transmission, delivery, supply or distribution of natural, processed or derived gas, or any liquid susceptible to be converted into gas and distributed by pipelines, cylinders or any type of container for residential, commercial and ___________________________ industrial purposes [substituted for _____________________ "lighting, heating, or power"]. It being ________ understood that gas "production" and _________________________________________ "import" enterprises are, among others, _________________________________________ those refineries, import companies, _________________________________________ distribution-wholesale companies and/or _________________________________________ seaport terminals engaged in the _________________________________________ importing, production, processing, _________________________________________ traffic, storage, distribution or sale of _________________________________________ liquified petroleum gas or any other _________________________________________ mixture of hydrocarbons known as refinery _________________________________________ gas, regardless of whether they sell or _________________________________________ -4- serve their product to a limited number _________________________________________ of persons and/or wholesalers. _____________________________ Rather than applying for a license, Martin terminated its Puerto Rico business the following month, selling out, lock, stock and barrel to an independent corporation, known as Puerto Rico Fuels, Inc. For some reason, not presently important, Martin continued to make royalty payments to Gonzalez to October 17, 1986. The district court ruled that as at the time of suit section 1002(q) included importers, the district court lacked jurisdiction as to all payments after May 15, 1986. It went on to hold that the amendment was retroactive as to jurisdiction, sweeping up all previous acts as well. Since the amendment made no provision as to its retroactivity, we decide for ourselves how the Puerto Rico Supreme Court would resolve that question. As this is a question of law we owe no deference to the district court. Brewer v. Madigan, 945 F.2d 449, 452 (1st Cir. 1991). We see ______ _______ several possible conclusions. 1. The PSC's initial interpretation of section 1002(q) prior to the amendment was correct. 2. The amendment was a legislative pronouncement, or clarification, of original intent that was automatically retroactive. -5- 3. The amendment was an alteration, but was intended to be, and could be, retroactive in effect; this being the district court's view. The Superior Court's principal opinion, Caribbean _________ Gulf Refinery, had held that the phrase "delivering products _____________ . . . to the public in general, or to a part thereof," in section 1002(c) did not clearly cover local refiners who sold only to a few wholesalers, and that in view of the ambiguity, they were not within the act, citing Puerto Rico Lighterage _______________________ v. Caribe Tugboat Corp., 111 D.P.R. 686 (1981) (ambiguity as ____________________ to jurisdiction is to be resolved against the Commission). We do not need to determine the correctness of this pre- amendment analysis. Neither do we need to review the district court's holding that the 1986 amendment was a procedural change only, that, as such, is presumed to be retroactive. White Star Bus Line, Inc. v. District Court of _________________________ _________________ San Juan, 60 P.R.R. 348, 349-350 (1942). The amendment ________ included substantive effects, notably the retroactive remission of what otherwise would have been a triple damages penalty, that could raise questions. We are not required, however, to consider this approach. Rather, we hold that the amendment was not a change at all, but a clarification that did not alter the law, and merely explicated it. Clarification, effective ab initio, is a well __ ______ recognized principle. Red Lion Broadcasting Co. v. FCC, 395 _________________________ ___ -6- U.S. 367 (1969). Determination of whether new legislative action is alteration, or merely clarification, may depend on a number of factors. One may be the fit in language. A significant one is the fact that the new enactment clarifies an ambiguity. United States v. Montgomery Cty, 761 F.2d 998, _____________ ______________ 1003 (4th Cir. 1985). Especially is this so when, as here, the enactment follows fast upon the ambiguity's discovery, Callejas v. McMahon, 750 F.2d 729, 731 (9th Cir. 1984), and ________ _______ the legislature affirms the agency. Red Lion Broadcasting ______________________ Co. ___ In addition the Red Lion court said, 395 U.S. at _________ 380-381, "Subsequent legislation declaring the intent of an earlier statute is entitled to great weight in statutory construction." In accordance with this we note the Puerto Rico legislature's expression of what it understood itself to be doing. See Report of the Comm'n on Gov't of the Senate of ___ Puerto Rico on S.B. 819 of April 10, 1986 and Explanatory Memo, cited in E.L.A. v. Enron Corp., P.R. Superior Court, ______ ___________ San Juan Part, Civil No. KPE 90-90-185 (904) (Nov. 14, 1990). [The] extremely broad definition of "gas enterprise" was incorporated in Public Law No. 24 of May 15, 1986 to clear up unequivocally that the jurisdiction of the Commission included producers . . . and importers that had previously questioned the Commission's jurisdiction over their operations. We need not pursue the matter further. Examination shows that the 1986 amendment satisfies all the requirements, -7- including good sense, that point to its being clarification rather than an alteration of the earlier statute. It follows that Martin was within PSC's exclusive jurisdiction from the outset and, accordingly, exempt from Act 77. The dismissal for lack of jurisdiction must be affirmed. ________ -8-