In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2806

CHARLES C. MIDDLETON, SR.,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 4206—**James F. Holderman**, *Chief Judge.*

ARGUED APRIL 14, 2009—DECIDED AUGUST 24, 2009

Before KANNE, ROVNER, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* Charles Middleton served in
the United States Air Force from 1960 until he was honor-
ably discharged in December 1989. Almost four years
later, in 1993, he applied for two positions with the City
of Chicago. Despite interviewing for both positions,
Middleton received neither. The City informed him in
November 1994 that he had not been selected for the
first job, and he never heard back about the other.

Nearly thirteen years later, on July 26, 2007, Middleton sued the City, claiming that it refused to hire him because of his military service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), Pub. L. No. 103-353, 108 Stat. 3149 (codified as amended at 38 U.S.C. § 4301 *et seq.*). On June 23, 2008, the district court held that Middleton's USERRA claim was barred by the four-year "catch all" statute of limitations provided by 28 U.S.C. § 1658(a), and it granted the City's motion to dismiss his fourth amended complaint. Middleton filed his notice of appeal on July 18.

Approximately three months later, on October 10, 2008, Congress enacted the Veterans' Benefits Improvement Act (VBIA), Pub. L. No. 110-389, 122 Stat. 4145 (codified in scattered sections of 38 U.S.C.). Relevant to this appeal, the VBIA contained a provision stating that no limitations period applies to USERRA claims: "If any person seeks to file a complaint or claim with the Secretary [of Labor], the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim." VBIA § 311, 38 U.S.C. § 4327(b).

Middleton's appeal raises two issues: (1) whether § 1658's four-year statute of limitations barred his claim; and (2) even if it did, whether the VBIA's recent amendment retroactively revives this lawsuit. We review *de novo* the district court's order granting a Rule 12(b)(6) motion to dismiss based on the statute of limitations.

*Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). We accept as true all factual allegations in the complaint, *see Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004), meaning that, for purposes of this appeal, we must assume that the City refused to hire Middleton because of his prior military service. Middleton's complaint does not allege that the City engaged in improper conduct after November 1994, and if the four-year statute of limitations applies and is unaffected by the VBIA, his claim is barred.

### I. Applicability of 28 U.S.C. § 1658(a) to USERRA Claims

Middleton first argues that the four-year statute of limitations found in 28 U.S.C. § 1658 did not apply to his USERRA claim against the City. The district court disagreed and held that Middleton's claim was indeed time-barred. We agree with the district court.

On December 1, 1990, Congress enacted § 1658 in response to criticism regarding the lack of a uniform federal statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). Among other purposes, Congress sought to minimize the federal courts' practice of borrowing statutes of limitations from the states. *See id.* The result was a "catch all" statute of limitations for federal claims:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658(a). This text makes clear that any action "arising under" a federal statute enacted after December 1, 1990, is subject to § 1658. *See id.*; *Jones*, 541 U.S. at 380.

Nearly four years later, on October 13, 1994, Congress passed USERRA. The statute did not include an express statute of limitations. Congress's only reference to a limitations period was that "[n]o State statute of limitations shall apply to any proceeding under this chapter." USERRA § 2, 38 U.S.C. § 4323(c)(6) (1994). USERRA did not mention the federal statute of limitations in § 1658, nor did it expressly provide that claims under the new law were exempt from any limitations period altogether.

At first blush, the answer to our question appears fairly straightforward. After all, when interpreting a statute, we must begin with its text and assume "that the ordinary meaning of that language accurately expresses the legislative purpose." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004) (quotations omitted). Unless Congress expressed a clear intention to the contrary, a statute's language is conclusive. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000))). Simply applying the language of § 1658(a) to USERRA indicates that the latter was subject to the former: this is a civil action; USERRA is an act of Congress; it was enacted well after § 1658(a); and it did not "otherwise provide" for a different limitations period.

As with many legal issues, however, clear solutions are easily clouded. Middleton offers two arguments in an attempt to salvage his thirteen-year-old USERRA claim. First, he avers that USERRA was not "enacted after" § 1658, as the Supreme Court defined that phrase in *Jones*, 541 U.S. 369. Second, he claims that USERRA's legislative history and the Department of Labor's interpretation of the law indicate that Congress never meant for a statute of limitations to apply. In the end, the clouds clear, and we find nothing that overcomes the plain meaning of the statutory text.

### A. USERRA Created a New Cause of Action

We must first determine whether a cause of action under USERRA "aris[es] under an Act of Congress enacted after" December 1, 1990. 28 U.S.C. § 1658(a). Although Congress passed USERRA in 1994, it was the latest in a series of federal laws seeking to protect the ability of our veterans to obtain employment upon returning to civilian life. According to Middleton, USERRA did not establish a *new* cause of action in 1994, but instead amended its predecessor statute, commonly referred to as the Veterans' Reemployment Rights Act of 1974 (VRRA). *See* Pub. L. No. 93-508, § 404(a), 88 Stat. 1578, 1594 (codified at 38 U.S.C. § 2021 *et seq.*) (recodified at 38 U.S.C. § 4301 *et seq.* by the Veterans' Benefits Act of 1992, Pub. L. No. 102-568, § 506, 106 Stat. 4320, 4340), *amended by* USERRA. Because the VRRA predated § 1658, Middleton argues that the federal statute of limitations does not apply.

In *Jones*, the Supreme Court held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 541 U.S. at 382 (alteration in original). This principle governs even if the new law amended a preexisting law; Congress often creates new causes of action by amending existing statutes, and § 1658(a) is not limited "to entirely new sections of the United States Code." *Id.* at 381. "What matters is the substantive effect of an enactment— the creation of new rights of action and corresponding liabilities—not the format in which it appears in the Code." *Id.* As the Court directed, we must determine "whether the plaintiff has alleged a violation of the relevant statute as it stood prior to December 1, 1990, or whether her claims necessarily depend on a subsequent amendment." *Id.* at 384.

To answer that question, we return to the VRRA, which Congress passed in 1974. The VRRA provided veterans with certain rights and protections upon their return to the workforce, and it barred employment discrimination based on a reservist's military service. *See* Pub. L. No. 93-508, sec. 404, § 2021(a)(B), (b)(3), 88 Stat. 1578, 1595-96 (1974). The only remedy available under the VRRA was injunctive relief and recovery of lost wages and benefits. *Id.* sec. 404, § 2022.

In 1994, Congress replaced the VRRA with USERRA "to clarify, simplify, and, where necessary, *strengthen* the existing veterans' employment and reemployment rights

provisions." H.R. Rep. No. 103-65(I), at 18 (1993) (emphasis added), *as reprinted in* 1994 U.S.C.C.A.N. 2449, 2451; *see also* S. Rep. No. 103-158, at 33 (1993) (noting that USERRA "would restructure, clarify, and *improve*" the VRRA (emphasis added)). Among other improvements, if an employer engaged in willful discrimination, USERRA permitted a plaintiff to seek liquidated damages, a form of relief unavailable under the VRRA. *See* USERRA sec. 2, § 4324(c)(1)(A)(iii). With that new provision, Congress converted what had been an equitable claim into a legal one, which brought along the corresponding right to a jury trial. *See Maher v. City of Chi.*, 463 F. Supp. 2d 837, 844 (N.D. Ill. 2006) (holding that liquidated damages under USERRA are punitive and therefore subject to trial by jury); *cf. Calderon v. Witvoet*, 999 F.2d 1101, 1109 (7th Cir. 1993) (holding that actions seeking liquidated damages under a different statute are "suits at common law" for purposes of the Seventh Amendment's right to a jury trial); *Troy v. City of Hampton*, 756 F.2d 1000, 1003 (4th Cir. 1985) (holding that claims under the VRRA are equitable and a plaintiff is *not* entitled to a jury trial). Consequently, USERRA established additional rights and liabilities that did not exist under the VRRA.

Middleton refers us to an unpublished district court case, decided before *Jones*, holding that USERRA claims were not subject to § 1658. *See Akhdary v. City of Chattanooga*, No. 1:01-CV-106, 2002 WL 32060140 (E.D. Tenn. May 22, 2002). In *Akhdary*, the district court stated, "Section 1658 applies 'only when Congress establishes a new cause of action without reference to preexisting law.' The

USERRA does not establish a new cause of action; instead, it amends the preexisting law of the VRRA." *Id.* at *6 (citations omitted) (quoting *Zubi v. AT&T Corp.*, 219 F.3d 220, 225 (3d Cir. 2000)). But that district court's reasoning is incompatible with the test the Supreme Court announced in *Jones*. As the Court made clear, the important concern is not whether an amendment refers to preexisting law, but the amendment's substantive effect on the rights and liabilities of the parties. 541 U.S. at 381. After the Court decided *Jones*, several lower courts, including a district court in our circuit and one in the same district as *Akhdary*, have found that USERRA is subject to the four-year limitations period in § 1658.[1] *See Wagner v. Novartis Pharm. Corp.*, 565 F. Supp. 2d 940, 945 (E.D. Tenn. July 10, 2008) (collecting cases); *Nino v. Haynes Int'l, Inc.*, No. 1:05-cv-0602, 2005 WL 4889258, at *5 (S.D. Ind. Aug. 19, 2005).

USERRA provided veterans the chance to seek previously unavailable remedies, an amendment that materially altered the VRRA's enforcement provision. The rights to liquidated damages and a jury trial were not available to Middleton under the VRRA, and USERRA created new potential liability for the City. In his operative

---

[1] We have not previously determined whether § 1658's four-year statute of limitations applies to USERRA claims. In two cases involving a similar issue, we applied the equitable doctrine of laches to USERRA claims. *See Maher v. City of Chi.*, 547 F.3d 817, 821-23 (7th Cir. 2008); *Miller v. City of Indianapolis*, 281 F.3d 648, 653-54 (7th Cir. 2002). In both *Maher* and *Miller*, the court did not raise or mention the applicability of § 1658(a).

complaint, Middleton alleged that the City's "violation of USERRA was willful," and he sought all "just and proper" relief. Such relief encompasses the new remedies that Congress provided for veterans in USERRA. Applying the Supreme Court's reasoning in *Jones*, Middleton's current claim was "made possible by" and "necessarily depend[s]" on USERRA, meaning it arose under a cause of action enacted after § 1658. *See* 541 U.S. at 382, 384.

### B. *Legislative History and Agency Interpretation of USERRA*

Perhaps recognizing the difficulty of his textual argument, Middleton also turns to USERRA's legislative history to persuade us that Congress intended that no statute of limitations apply. But the only ambiguity we find concerning USERRA is in its legislative history, not in the statute's actual language. And where a statute's language is clear, we look to the legislative history only to determine whether Congress expressed a clear intention to the contrary of the literal application of that language. *See Bowlds v. Gen. Motors Mfg. Div. of the Gen. Motors Corp.*, 411 F.3d 808, 811 (7th Cir. 2005). We find no contrary intention here.

Middleton cites congressional reports to support his argument, which are often of limited use in discerning congressional intent. *See Conroy v. Aniskoff*, 507 U.S. 511, 518-19 (1993) (Scalia, J., concurring in the judgment). Even so, the reports to which Middleton refers us speak solely to Congress's intention that USERRA not be subject to *state* statutes of limitations. *See* H.R. Rep. No. 103-65(I), at

39;[2] S. Rep. No. 103-158, at 70.[3] Congress expressed no desire for USERRA claims to be immune from § 1658(a)'s limitations period. Of course, under USERRA's predecessor, the VRRA, the express provision that no *state* statute of limitations should apply effectively meant that no statute of limitations applied—there was no federal statute of limitations until 1990. But USERRA came four years after § 1658, and Congress was well aware that it had recently enacted a catch-all limitations period governing any claim under a subsequent act. We see no clear congressional intent contrary to the statutory language.

Middleton also asks us to adopt the Department of Labor's interpretation of USERRA. The DOL is charged with promulgating rules for administering USERRA, 38 U.S.C. § 4331(a), and its position has been that the law is not subject to § 1658, *see* USERRA Preamble, 70 Fed. Reg. 75,246, 75,287-88 (Dec. 19, 2005). In the preamble to its final rule (codified at 20 C.F.R. § 1002.311), the DOL

---

[2] "[The applicable provision] would reaffirm . . . that no *State* statute of limitation shall apply to any action under this chapter. It is also intended that *state* statutes of limitations not be used even by analogy." H.R. Rep. No. 103-65(I), at 39 (emphases added).

[3] "[The applicable provision] would provide . . . that no *State* statute of limitations would apply to any proceeding under [USERRA]. . . . [T]he Committee believes that . . . *State* statutes of limitations should not be used even for guidance in determining what is undue delay." S. Rep. No. 103-158, at 70 (emphases added).

noted that it "has long taken the position that no Federal statute of limitations applied to actions under USERRA" but that at least one district court had reached the opposite conclusion. USERRA Preamble, 70 Fed. Reg. at 75,287. After considering comments on the issue, the DOL stated that it would maintain its original position that no statute of limitations applied to USERRA, but it noted that "the issue will ultimately be resolved by the courts." *Id.* at 75,288. The DOL then offered the following advice:

> Until the issue is resolved, potential USERRA plaintiffs would be well advised to file USERRA claims within section 1658's four-year period. Accordingly, the Department has amended section 1002.311 to acknowledge that at least one court has held that 28 U.S.C. 1658 applies to actions under USERRA, and that individuals asserting rights under USERRA should determine whether the issue of the applicability of the Federal four-year statute of limitations has been resolved and, in any event, act promptly to preserve their rights under USERRA.

*Id.*

We disagree with Middleton's argument that we should defer to the DOL's interpretation. First, we defer to an agency's reasonable interpretation of a statute "only where 'Congress has not directly addressed the precise question at issue' through the statutory text." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 665 (2007) (quoting *Chevron U.S.A., Inc. v. Natural Res.*

*Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). That Congress did not articulate a statute of limitations in USERRA perhaps suggests some ambiguity, but there is no ambiguity in the limitations provision of § 1658, which applies to any act of Congress enacted after December 1, 1990, unless that law otherwise provides. Congress did not "otherwise provide" in USERRA. Second, in explaining its position in the preamble, the DOL relied heavily on pre-*Jones* case law and the inconclusive legislative history we have just discussed. *See* USERRA Preamble, 70 Fed. Reg. at 75,287-88. Third, although the preamble to 20 C.F.R. § 1002.311 states that the DOL believes no statute of limitations applies to USERRA, the rule itself is much less certain: "USERRA does not have a statute of limitations, and it expressly precludes the application of any State statute of limitations." 20 C.F.R. § 1002.311. The DOL is correct that USERRA "does not have" a limitations period—Congress did not include an express statute of limitations within the statute. The DOL's rule then hedges. It explains that at least one court has applied § 1658's four-year statute of limitations, that laches may also apply, that any individual with a USERRA claim should determine whether this issue has been resolved by the courts, and that the individual should act promptly. *Id.* The DOL's uncertainty on this issue further persuades us to withhold any deference its interpretation might otherwise be due.

Accordingly, USERRA's legislative history and the DOL's interpretation of the law do not convince us that Congress intended to immunize USERRA claims from § 1658.

### C. *Section 1658 Applies to USERRA*

We recognize Congress's desire to protect the employment and reemployment rights of our many veterans. Our country's population owes a great debt to the men and women who have served to protect us. We also acknowledge that USERRA is to be liberally construed. *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683-84 (7th Cir. 2008). But we are charged with interpreting the laws that Congress enacts based on the language that it uses. Congress enacted USERRA well after it created the four-year limitations period in § 1658, and we presume that Congress knew that any new federal statute would be subject to such a limitation unless it "otherwise provided by law." Thus, if Congress wanted a different limitations period to apply to USERRA—or none at all—it needed to say so. And this is precisely what Congress did in 2008, when it passed the Veterans' Benefits Improvement Act, bringing us to our next question—whether the VBIA applied to Middleton's claim.

### II. *The Retroactive Application of the VBIA*

Middleton's next argument is that even if § 1658 applied to his USERRA claim when he filed it, Congress's recent enactment of the VBIA saves his lawsuit. The district court granted the City's motion to dismiss on June 23, 2008; Middleton filed his notice of appeal on July 18; and the VBIA became effective on October 10. Middleton now claims that Congress enacted the VBIA to clarify that USERRA was never subject to any statute

of limitations, and, consequently, the new provision should revive his claim. We disagree.

*A. The VBIA's Statutory Language*

We turn first to the language of the disputed legislation. The VBIA struck the provision in USERRA that prohibited applying state statutes of limitation, formerly, as amended, at 38 U.S.C. § 4323(i), and replaced it with the following:

> If any person seeks to file a complaint or claim with the Secretary [of Labor], the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

Pub. L. No. 110-389, § 311(f)(1), 122 Stat. 4145, 4164 (2008) (codified at 38 U.S.C. § 4327(b)).

As we detailed above, our first stop in interpreting legislation is the language that Congress employed, *Engine Mfrs. Ass'n*, 541 U.S. at 252, and it is well established that a court should not apply a newly enacted statutory pro-vision retroactively unless Congress has clearly mandated such an extension, *see Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946-47 (1997); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 619-20 (7th Cir. 2007) (discussing the Supreme Court's decision in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994), and the general presumption of "antiretroactivity" in cases where a statute's temporal reach is ambiguous); *Bowlds*, 411 F.3d

at 811; *Diaz v. Shallbetter*, 984 F.2d 850, 852 (7th Cir. 1993) ("There is [a] venerable principle that changes in statutes do not apply to pending cases unless the legislature so commands, explicitly.").

The VBIA says nothing about whether § 4327(b) applies retroactively. In fact, the only hint in the text suggests that it applies *prospectively*: "If any person *seeks to file* a complaint or claim . . . ." Sec. 311(f)(1), § 4327(b) (emphasis added). Congress was aware that for § 4327(b) to have retroactive effect, it needed to say so expressly, and the absence of any such express language in the text indicates that Congress chose not to do so.

More importantly, however, is that even if we could interpret § 4327(b) to apply to some USERRA claims filed before October 10, 2008, this would not save Middleton's thirteen-year-old cause of action, which was already time-barred when § 4327(b) took effect. A plaintiff may overcome the general presumption against retroactivity, but doing so is "especially tough" when the amended law extends the time within which a plaintiff must file a lawsuit. *Diaz*, 984 F.2d at 852.

We typically presume that a newly extended statute of limitations does not revive a previously barred claim. *See Vill. of Bellwood v. Dwivedi*, 895 F.2d 1521, 1527 (7th Cir. 1990) ("In the absence of evidence of a contrary legislative purpose, subsequent extensions of a statutory limitation period will not revive a claim previously barred." (quotations omitted)); *cf. Hughes Aircraft Co.*, 520 U.S. at 950 (noting that the extension of a statute of limitations after the preexisting period of limitations has expired "impermissibly revives a moribund cause of action").

"Laws enlarging the statute of limitations traditionally are applied prospectively; sometimes courts even hint that legislatures lack the power to revive claims that have become barred by lapse of time." *Diaz*, 984 F.2d at 852-53 (citing *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 720 (1974)); *see also Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058-59 (11th Cir. 2008) (refusing to apply an extended limitations period for certain securities fraud cases, added by § 804(a) of the Sarbanes-Oxley Act of 2002, to claims previously time-barred, and collecting cases, including our own in *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005)).

Middleton asks us to apply § 4327(b) to revive a time-barred claim, but he has presented nothing to overcome our presumption against doing so. Congress said nothing about retroactivity, and under the general rule we have just stated, we cannot apply § 4327(b) to his thirteen-year-old USERRA claim. Because Middleton alleged conduct occurring more than four years before Congress enacted the VBIA, we need not decide whether § 4327(b) applies retroactively to a claim that accrued *within* the four years preceding the VBIA.

### B. Whether the VBIA Clarified or Altered Existing Law

To avoid this result, Middleton argues that the VBIA merely clarified, rather than altered, existing law. Such legislation is not typically subject to a presumption against retroactivity and is applied to all cases pending on the date of enactment. *See, e.g., ABKCO Music, Inc. v.*

*LaVere*, 217 F.3d 684, 689 (9th Cir. 2000) ("Normally, when an amendment is deemed clarifying rather than substantive, it is applied retroactively." (quotations omitted)); *Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272, 1283 (11th Cir. 1999) ("[C]oncerns about retroactive application are not implicated when an amendment . . . is deemed to clarify relevant law rather than effect a substantive change in the law."); *cf. Clay v. Johnson*, 264 F.3d 744, 749 (7th Cir. 2001) (noting that an agency rule clarifying an unsettled area of law may be applied to case at hand). A number of factors may indicate whether an amendment is clarifying rather than substantive: whether the enacting body declared that it was clarifying a prior enactment; whether a conflict or ambiguity existed prior to the amendment; and whether the amendment is consistent with a reasonable interpretation of the prior enactment and *its* legislative history. *Piamba Cortes*, 177 F.3d at 1283-84; *see also Liquilux Gas Corp. v. Martin Gas Sales*, 979 F.2d 887, 890 (1st Cir. 1992).

We disagree with Middleton that the VBIA was clarifying legislation. As we explained in the first portion of our opinion, § 1658 applied to USERRA, and the text of the two statutes was not ambiguous, leaving nothing for Congress to "clarify." Nor is the VBIA's amendment a reasonable interpretation of USERRA, which was silent on whether § 1658 should apply, or its legislative history, which contained nothing to contradict the clear language of § 1658. Rather than "clarifying" that no statute of limitations applied to USERRA, the 2008 Congress substantively changed the law so that § 1658 would not apply.

We find the text of § 4327(b) to be unambiguous. It does not mention clarification or retroactivity, and we need not turn to the legislative history of the provision. Even if, however, we peeked at that history to determine whether a literal interpretation of the language would contravene Congress's intent, *see Bowlds*, 411 F.3d at 811, we find nothing to convince us that the VBIA applies to Middleton's claim. First, reliance on a legislature's observations regarding a prior legislature's intent is of marginal utility at best. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 117 (1980) (noting "the oft-repeated warning that the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." (quotations omitted)); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Blanchette*, 628 F.2d 1011, 1014 (7th Cir. 1980) ("[T]he views of a later Congress cannot be accorded the weight of contemporary legislative history in a consideration of the intent of an earlier one." (quotations omitted)).

Second, the only indication that perhaps Congress intended to clarify USERRA or that the VBIA should have retroactive effect came in a Senate report:

> Subsection 302(f) of the Committee bill would clarify that the original intent of Congress was that USERRA would not be subject to a federal or state statute of limitations period and specifically states that there is no time limit for a person to file a complaint . . . . The application of a federal statute of limitation period under USERRA is inconsistent with the intent of Congress . . . .

S. Rep. 110-449, at 26 (2008), *as reprinted in* 2008 U.S.C.C.A.N. 1722, 1748-49. Although Congress used the word "clarify," its act must also comport with other attributes of "clarifying" legislation to avoid being a substantive change in the law. We are hesitant in this case to afford that single word more weight than it deserves. The VBIA's legislative history says nothing regarding retroactivity. That the 2008 Congress believed USERRA to be unconstrained by a statute of limitations from birth is clear, but the 2008 Congress did not state that its amendment should apply to all claims.

Furthermore, Congress did not express any intent to clarify USERRA in the *statute* itself. We proceed with caution when Congress declares its intent to clarify a law in the legislative history rather than the amendment's text. *See Piamba Cortes*, 177 F.3d at 1284 ("As a general rule, '[a] mere statement in a conference report of [subsequent] legislation as to what the Committee believes an earlier statute meant is obviously less weighty' than a statement in the amendment itself." (alterations in original) (quoting *Consumer Prod. Safety Comm'n*, 447 U.S. at 118 n.13)). In *Brown v. Thompson*, the Fourth Circuit held that certain amendments were clarifying, noting that "[m]ost significant to our determination here, Congress formally declared in the titles of the relevant subsections of [the amending act] that the amendments of [the original act] were 'clarifying' and 'technical,'" and that Congress "expressly provided in [the amending act] that these technical and clarifying amendments be made effective 'as if included in the enactment' of the [original act]." 374 F.3d 253, 259 (4th Cir. 2004). The VBIA contains no such language.

Indeed, as the City points out, Congress has considered similar amendments that would have expressly provided for retroactive application of the VBIA. *See, e.g.*, S. 3432, 110th Cong. § 7 (as introduced by Sens. Casey, Kennedy, and Obama, Aug. 1, 2008) (specifically entitled "Clarification that USERRA Has No Statute of Limitations," and stating that the amendment shall apply "to all actions or complaints filed under [USERRA] that are pending on or after the date of the enactment of this Act"). Congress knew how to make the VBIA retroactive, and it chose not to do so.

Without guidance from Congress regarding the effect of the VBIA on pending claims, there is nothing to overcome both the natural meaning of § 4327(b)'s text and our general presumption that an amendment to a statute of limitations should not apply retroactively. The VBIA does not apply to Middleton's claim.

*IV. Conclusion*

Congress enacted USERRA nearly four years after enacting § 1658, and it did not include in USERRA a statute of limitations or a provision that no limitations period should apply. Accordingly, USERRA is subject to § 1658. Congress, recognizing that USERRA did not discuss the federal statute of limitations, passed the VBIA to provide expressly that no statute of limitations shall apply. The legislature, however, stopped short of bestowing retroactive effect upon the new law, and we decline to extend it without a clear directive. Therefore, we AFFIRM

the district court's decision granting the City's motion to dismiss.