# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2013

No. 12-30759
Summary Calendar

Lyle W. Cayce
Clerk

DARRYL C. DEAN,

Plaintiff-Appellant,

versus

CITY OF NEW ORLEANS,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:11-CV-2209

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Darryl Dean, proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his claims against the City of New Orleans. We affirm and deny all

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30759

pending motions.

## I.

The Small Business Administration ("SBA") declined to extend Dean's temporary appointment as a paralegal specialist in its Fort Worth, Texas, Office of Disaster Assistance. The SBA learned that Dean had made false statements when applying for the position and specifically that he had failed to disclose that the City of New of Orleans had terminated his employment with its police department.

Dean filed an administrative claim against the SBA, which was denied. The Equal Employment Opportunity Commission ("EEOC") affirmed that denial, after which Dean sued the SBA and the City of New Orleans (sued as the "New Orleans Police Department") in the Northern District of Texas. Dean's claims against the city were severed and transferred to the Eastern District of Louisiana.

Although the precise contours of the city's alleged wrongdoing remain murky, Dean's claims generally arise from the police department's disclosure of his termination to the SBA. Dean's brief also intimates a direct challenge to his firing by the city. The district court dismissed all claims on the pleadings and denied Dean's motion to hold the city in contempt.

## II.

Dean seems to contest the transfer to the Eastern District of Louisiana. Although we seldom address claims raised for the first time on appeal, *e.g.*, *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam), we "liberally construe briefs of *pro se* litigants," *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

The district court in the Northern District of Texas did not abuse its

No. 12-30759

"broad discretion in deciding whether to order a transfer."[1]  As explained in its order, the "New Orleans Police Department does not reside in the Northern District of Texas, nor does it appear that [Dean]'s claims against the New Orleans Police Department occurred in the Northern District of Texas."

### III.

The district court dismissed Dean's claims after the city moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[2]  "We review rule 12(c) dismissals *de novo*."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id.* (citation and internal quotation marks omitted) (alteration in original).

### IV.

We agree with the district court that many of Dean's federal claims are time-barred.  The 42 U.S.C. § 1983 claims are prescribed by Louisiana state law.  *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).  Any constitutional violations committed by the police department occurred no later than November 2007, when Dean's job with the SBA ended.  Dean did not sue until July 2011 —more than three years later, and well after the one-year statute of limitations had run.  *See id.*  Dean does not allege that his § 1983 claims were equitably tolled or that they accrued at a later date.

The city terminated Dean in June 2003, more than four years before new legislation established that the Uniformed Services Employment and Reemployment Rights Act ("USERRA") has no statute of limitations.  Dean's USERRA

---

[1] *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam).

[2] The district court also dismissed Dean's claims, in the alternative, pursuant to 28 U.S.C. § 1915(e)(2)(B).

No. 12-30759

claims, therefore, are barred by the federal four-year statute of limitations applicable to general civil claims.[3]

Dean's Title VII and Americans with Disabilities Act claims are barred, because he never filed with the EEOC a charge of discrimination *against the city*.[4]  As explained by the district court, moreover, the applicable limitations period had long since expired when Dean filed his administrative claim against the SBA.  Similarly, the Rehabilitation Act claim is barred, because he has not alleged, much less established, that he contacted an equal employment opportunity counselor within forty-five days of the alleged discriminatory act.  *See Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).

V.

We agree with the district court that Dean failed to state a cognizable claim arising from the applicable perjury statutes, the Privacy Act, the Health Insurance Portability and Accountability Act, or 10 U.S.C. § 12304.  Dean has not established the elements of criminal perjury, e.g., that any allegedly false statements were made under oath before a competent tribunal, *see* 18 U.S.C. § 1621(1), nor has he shown his claims withstand the absolute immunity often available to civil-perjury defendants, *see, e.g.*, *Moore v. McDonald*, 30 F.3d 616, 618–20 (5th Cir. 1994).

The Privacy Act generally applies only to the production of records by *federal* agencies.  *See* 5 U.S.C. § 551(1).  Neither the city nor its police department is a federal agency, and Dean has not demonstrated that those entities are other-

---

[3] *See* § 28 U.S.C. 1658(a); *Middleton v. City of Chi.*, 578 F.3d 655, 657–63 (7th Cir. 2009) (holding that § 1658's "catch-all" statute of limitations bars USERRA claims that accrued more than four years before the October 2008 enactment of the Veterans' Benefit Improvement Act ("VBIA")); *see also Rogers v. City of San Antonio*, 392 F.3d 758, 772–73 (5th Cir. 2004) (affirming, based on waiver and pre-VBIA, a four-year statute of limitations for USERRA claims).

[4] *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996) (per curiam).

No. 12-30759

wise subject to the Privacy Act.

The district court properly dismissed Dean's claim that the city improperly released medical information, because "there is no private cause of action under HIPAA." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam). We agree that Dean has not stated a plausible claim for relief under 10 U.S.C. § 12304, which addresses the President's authority to order reservists to active duty.

## VI.

We affirm the dismissal of Dean's state law claims and the denial of his motion for contempt. We also deny Dean's motions to supplement the record and appoint counsel, and we dismiss any remaining claims not explicitly addressed above.

AFFIRMED.