# United States Court of Appeals
## For the First Circuit

No. 14-1134

JOHN M. MILLAY,

Plaintiff, Appellee,

v.

MAINE DEPARTMENT OF LABOR, BUREAU OF REHABILITATION,
DIVISION FOR THE BLIND AND VISUALLY IMPAIRED,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Thompson, Baldock* and Selya,
Circuit Judges.

Susan P. Herman, Assistant Attorney General, with whom Janet T. Mills, Attorney General, and Paul Stern, Deputy Attorney General, were on brief, for appellant.
Brett D. Baber, with whom Lanham Blackwell & Baber, P.A. was on brief, for appellee.

August 11, 2014

---

* Of the Tenth Circuit, sitting by designation.

**SELYA, Circuit Judge.** This case presents a question of first impression at the federal appellate level: what limitations period applies to an action for judicial review brought pursuant to 29 U.S.C. § 722(c)(5)(J)? The choice is between borrowing state law (in this instance, the law of Maine) or defaulting to the federal catch-all statute of limitations, 28 U.S.C. § 1658(a). The district court chose the latter. After careful consideration, we affirm.

The stage is easily set. In 2010, plaintiff-appellee John M. Millay, blind since childhood,[1] sought transportation subsidies from a Maine state agency, the Division for the Blind and Visually Impaired (the Division), under Title I of the Rehabilitation Act, 29 U.S.C. §§ 720-751. The expenses underlying this request related to costs incurred by Millay in connection with his attendance at a vocational program approved by the Division. When the Division refused the request, the plaintiff appealed to an administrative hearing officer. See 29 U.S.C. § 722(c)(5)(A). On May 6, 2011, the hearing officer sided with the Division.

Six months passed. At that point, the plaintiff brought suit in the federal district court. He alleged that the Division's unwillingness to defray his transportation expenses violated the Maine Human Rights Act, Me. Rev. Stat. tit. 5, §§ 4551-4634, the

_____

[1] The plaintiff has a compelling personal story. Kidnapped in his native Ethiopia at a tender age, blinded by his kidnapper, and forced to beg on the streets, he was later adopted and brought to Maine by his adoptive mother.

Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and Title V of the Rehabilitation Act, 29 U.S.C. §§ 791-794f.  In response, the Division filed a motion to dismiss, which was referred to a magistrate judge.  The magistrate judge recommended dismissal but suggested that the plaintiff might reframe his action as one for judicial review under Title I of the Rehabilitation Act.  See Millay v. Me. Dep't of Labor, No. 11-438, 2012 WL 4481926, at *8-9, *13 (D. Me. May 16, 2012); see also 29 U.S.C. § 722(c)(5)(J).  The district court approved both the recommendation and the suggestion.  See Millay v. Me. Dep't of Labor, No. 11-438, 2012 WL 4471232, at *1 (D. Me. Sept. 26, 2012).

Not surprisingly, the plaintiff sought leave to amend his complaint to assert a claim for judicial review under 29 U.S.C. § 722(c)(5)(J).  The Division objected, arguing that Maine's general 30-day statute of limitations for judicial review of administrative decisions, see Me. Rev. Stat. tit. 5, § 11002(3), rendered the proposed amendment futile.  The magistrate judge demurred, recommending that the court apply instead the federal catch-all statute of limitations, which permits commencement of an action up to four years after the date of accrual.  See Millay v. Me. Dep't of Labor, No. 11-438, 2012 WL 6044775, at *2-4 (D. Me. Sept. 21, 2012) (citing 28 U.S.C. § 1658(a)).  The district court agreed and allowed the plaintiff to file his proposed amended complaint.  See

Millay v. Me. Dep't of Labor, No. 11-438, 2012 WL 6043964, at *1 (D. Me. Dec. 5, 2012).

With the timeliness issue resolved, the district court concluded that the hearing officer should have granted the plaintiff relief. See Millay v. Me. Dep't of Labor, 986 F. Supp. 2d 57, 78 (D. Me. 2013). The parties stipulated to the cost of the transportation services for which reimbursement was sought and the plaintiff waived any claim for attorneys' fees. The district court entered judgment accordingly. This timely appeal followed.

In this venue, the Division advances only a single claim of error: it renews its asseveration that the plaintiff's action for judicial review is time-barred. Our review is de novo. See HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 570 (1st Cir. 2014).

Title I of the Rehabilitation Act authorizes federal grants to states for the provision of vocational rehabilitation services to persons with disabilities. See 34 C.F.R. § 361.1; Reaves v. Mo. Dep't of Elem. & Secondary Educ., 422 F.3d 675, 680 (8th Cir. 2005). To be eligible for such grants, a state must comply with certain conditions. See 29 U.S.C. § 721(a)(1)(A). Among these conditions is the designation of a state agency to administer the program, see id. § 721(a)(2), and the establishment of an administrative review procedure through which an individual may challenge the state agency's determinations, see id. § 722(c)(1). It was against that

backdrop that Congress, in 1998, enacted 29 U.S.C. § 722(c)(5)(J)(i), which provides that: "Any party aggrieved by a final decision" rendered through the administrative review procedure "may bring a civil action for review of such decision."  This is exactly the sort of civil action that the plaintiff's amended complaint asserts.

The Rehabilitation Act contains no statute of limitations referable to such judicial review proceedings.  Historically, state law filled the lacuna left by such congressional silence.  See N. Star Steel Co. v. Thomas, 515 U.S. 29, 34 (1995).  The rules of engagement changed when, little more than two decades ago, Congress put into effect a different default rule for "a civil action arising under an Act of Congress enacted after" December 1, 1990.[2]  28 U.S.C. § 1658(a).  Elaborating on this statute, the Supreme Court has stated that "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment" of Congress, the four-year limitations period applies.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).

At first blush, this four-year limitations period would seem to apply here.  Prior to 1998, Congress had "provided only administrative remedies" for individuals dissatisfied with state agency determinations under Title I.  Mallett v. Wis. Div. of Voc.

_____

[2] For ease in exposition, we refer throughout this opinion to "post-1990" statutes rather than the more precise "post-December 1, 1990" statutes.  This one-month hiatus is of no practical consequence with respect to any statute discussed in this opinion.

Rehab., 130 F.3d 1245, 1249 (7th Cir. 1997). That year, Congress for the first time provided for judicial review of decisions rendered through the administrative appeals process. See Workforce Investment Act of 1998, Pub. L. No. 105-220, sec. 404, § 102, 112 Stat. 936, 1146. It was these 1998 amendments to the Rehabilitation Act that enabled the plaintiff to bring the current proceeding for judicial review.

Despite these unarguable facts, the Division resists the conclusion that the federal catch-all statute of limitations controls here. In its view, the Jones Court held only that a post-1990 amendment augmenting the substantive scope of a federal law would take its limitations period from section 1658. Extrapolating from this self-serving reading of Jones, the Division insists that section 1658 goes no further and, therefore, does not cover a purely procedural addition (such as the judicial review provision added to the Rehabilitation Act by the 1998 amendments).

This argument elevates hope over reason. Nothing in either the text of section 1658 or the Jones decision warrants a distinction such as the Division draws. As the Jones Court wrote, "What matters is the substantive effect of an enactment." Jones, 541 U.S. at 381. The linchpin of the inquiry, then, is whether the enactment "made possible" the plaintiff's cause of action. Id. at 382.

An amendment to a federal statutory scheme that affords the opportunity to seek a remedy not theretofore available fits comfortably within the purview of section 1658. See Baldwin v. City of Greensboro, 714 F.3d 828, 834 (4th Cir. 2013); Middleton v. City of Chicago, 578 F.3d 655, 659-60 (7th Cir. 2009). The judicial review created by the 1998 amendments to the Rehabilitation Act is of that genre: it for the first time "made possible" the plaintiff's cause of action. Prior to those amendments, judicial review was for the most part unavailable. Given the Court's language in Jones, no more is exigible. There is simply no justification for hinging the applicability of section 1658 on whether or not the relevant statute created a new substantive violation of federal law.[3]

The Division continues to balk. It notes that, prior to the 1998 amendments, some courts had allowed certain Title I requirements to be enforced through 42 U.S.C. § 1983. See, e.g., Marshall v. Switzer, 10 F.3d 925, 928-31 (2d Cir. 1993); see also Buchanan v. Ives, 793 F. Supp. 361, 362-63 (D. Me. 1991) (concluding, without discussion, that declaratory relief regarding certain provisions of the Rehabilitation Act could be provided under 42 U.S.C.

---

[3] At oral argument, the Division suggested that such a justification might be found in City of Rancho Palos Verdes v. Abrams, 544 U.S. 113 (2005). There, the Supreme Court ruminated that if a section 1983 claim were available, "§ 1658 would seem to apply" to a claim "rest[ing] upon violation of the post-1990" version of the Telecommunications Act. Id. at 123 n.5. This dictum does not have the slightest bearing as to whether a new procedural vehicle for remedying an existing violation might also be within the compass of section 1658.

§ 1983).  Thus, its thesis runs, the 1998 amendments serve to curtail, rather than enlarge, the plaintiff's rights by replacing a plenary cause of action with a more restrictive judicial review mechanism.

This view, however, reads the case law through rose-colored glasses.  Before 1998, the scope of Title I-based section 1983 claims was quite limited.  A plaintiff could "use § 1983 only when he or she allege[d] that a state's plan" for vocational rehabilitation did "not satisfy a mandatory provision [that] the federal statute requires."  Mallett, 130 F.3d at 1256.  Any disputes about specific applications of a state's plan (such as the dispute at issue here) were confined to the administrative process.  See id.; see also Doe v. Pfrommer, 148 F.3d 73, 81 (2d Cir. 1998).  The 1998 amendments created a new and broader remedy — a remedy adequate to ground the application of section 1658.

The Division asserts that our rendition of the scope of section 1658 contradicts the weight of authority.  This assertion is more cry than wool.  Without exception, the cases bruited by the Division do not so much as mention section 1658, see, e.g., Jameson v. VESID, No. 10-847, 2012 WL 1077464, at *6-7 (E.D.N.Y. Mar. 30, 2012); Johnson v. Rehab. Servs., No. 10-554, 2011 WL 3102564, at *2 (S.D. Ohio July 25, 2011); Carrigan v. N.Y. State Educ. Dep't, 485 F. Supp. 2d 131, 136 (N.D.N.Y. 2007), and none of them offers a compelling analogue.  The one case cited in the parties' briefs that does discuss section 1658, see Rance v. Fla. Dep't of Educ.,

No. 09-81098, 2011 WL 1099262, at *6 (S.D. Fla. Mar. 22, 2011), shares our logic.

The Division has a fallback argument. It says that the federal catch-all statute of limitations cannot apply because the limitations period for judicial review is, in the idiom of section 1658 itself, "otherwise provided by law." This argument is built on the premise that Title I's requirement that states "develop and implement procedures" for administrative review, 34 C.F.R. § 361.57(a), includes a delegation to the states of the power to set statutes of limitations for judicial review. This premise is faulty.

Nothing in the federal statutes or regulations addressing judicial review prescribes (or, for that matter, even suggests) any such delegation. See 29 U.S.C. § 722(c)(5)(J); 34 C.F.R. § 361.57(i). Fairly read, the statute's admonition to "establish procedures" is a call to establish a framework for administrative review, not a subtle abdication of the power to set a limitations period. 29 U.S.C. § 722(c); see 34 C.F.R. § 361.57(b)-(g). The Division's reliance on gauzy generalities and unsupported suppositions as a basis for reading more into this directive than its language admits is utterly misplaced.[4]

_____

[4] The Division also argues that the availability of preclusion principles (that is, the preclusive effect of state administrative proceedings) is another way in which the issue is "otherwise provided by law." But this argument never surfaced below and, thus, it is waived. See Teamsters Union, Local No. 59 v. Superline Transp. Co.,

In a last-ditch effort to save the day, the Division suggests that a four-year limitations period cannot be squared with the short deadlines present in Title I's administrative review process. See, e.g., 34 C.F.R. § 361.57(e). This policy argument has a certain superficial appeal: a limitations period measured in years for review of an administrative process measured in days seems incongruous. But an isthmian focus on that policy overlooks the fact that section 1658's enactment comes with its own justification.

"Congress was keenly aware of the problems associated with the practice of borrowing state statutes of limitations" and expressed a preference for a uniform statute of limitations to govern future federal causes of action. Jones, 541 U.S. at 380. That desire for uniformity spurred the passage of section 1658, and it must be weighed heavily in any policy-based calculus. The Division's policy argument is not strong enough to override Congress's manifest intent.

There is, of course, an even more abecedarian reason why the Division's policy argument will not work: we simply cannot ignore the text of section 1658. In enacting the statute, Congress did not sound an uncertain trumpet. And where, as here, Congress's "call is a clarion one, the courts have no warrant to rewrite a statute

953 F.2d 17, 21 (1st Cir. 1992). Although the Division argued preclusion generally in its initial motion to dismiss, it never advanced — and the district court never was asked to consider — a connection between that doctrine and section 1658.

in the guise of 'interpretation.'"  United States v. Charles George Trucking Co., 823 F.2d 685, 689 (1st Cir. 1987).  That is the situation here.  Given the clarity of section 1658, we are not at liberty to borrow a state limitations period that some might think more suitable.

We need go no further.  We conclude that the plaintiff's judicial review action under 29 U.S.C. § 722(c)(5)(J) arises out of a post-1990 congressional enactment within the meaning of section 1658.  That enactment does not explicitly incorporate any specific limitations period.  Consequently, the right to judicial review that the statute creates is subject to the general catch-all limitations period contained in 28 U.S.C. § 1658(a).

**Affirmed.**