NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3363

| | |
|---|---|
| PATRICIA WILLIAMS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 16-cv-830-bbc |
| WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, *Defendant-Appellee*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Patricia Williams, who receives vocational rehabilitation services from the Wisconsin Department of Workforce Development, sued the Department when it declined to assist her financially to become an attorney. The district court entered summary judgment for the Department. It correctly concluded that Williams furnished

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

no evidence that the Department had violated any of its obligations under Title I of the Rehabilitation Act of 1973, 29 U.S.C. §§ 720–753a, so we affirm.

The Department's Division of Vocational Rehabilitation administers vocational rehabilitation services using funds allocated through Title I of the Rehabilitation Act to assist "individuals with disabilities" in attaining gainful employment. 29 U.S.C. § 720(a)(2). One service is the creation of an "individualized plan for employment," which describes the client's employment goal and the services that the Division will provide to reach that goal. 29 U.S.C. § 722(b)(4). The plan must be consistent with the client's "unique strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice" and must be approved by both the client and a qualified vocational rehabilitation counselor. *Id*. § 722(b)(3)(C), (4)(A).

Williams, who has anxiety and diabetes, decided in 2016 to pursue a goal of becoming a civil-rights attorney. She informed her counselor, Patrick Schultz, of that goal. Schultz raised several concerns. He noted that the Division typically could pay only $5,000 in tuition expenses, so he worried about how Williams would cover the remaining cost. He also asked Williams to research graduation and placement rates for the law schools to which she intended to apply, and to speak to attorneys. Furthermore, Williams suggested to Schultz that she may have an undiagnosed learning disability, so she would need to undergo testing for such a disorder before the Division could consider supporting a new employment plan.

Without taking any of these steps, Williams wrote an employment plan and submitted it to Schultz for signature. The plan contemplated that the Division would pay for all law-school tuition, books, supplies, a tutor, school clothes, an assistive-technology assessment, transportation, and parking. In response, Schultz sent Williams a denial letter, noting his concerns about her undiagnosed learning disability and the fact that Williams had not yet applied to or been accepted to any law schools.

Williams has challenged the denial of her employment plan. First she did so administratively, *see* 29 U.S.C. § 722(c)(5). After a hearing, an administrative law judge concluded that the Division had properly denied Williams's proposed employment plan. The ALJ noted that the Division had to assess whether her employment goal was consistent with her strengths and capabilities, and thus needed to assess whether she had a learning disability. Because Williams had refused to undergo that assessment, the Division permissibly declined to approve Williams's plan.

Her next step was this suit. *See* 29 U.S.C. § 722(c)(5)(J)(i). The district court eventually entered summary judgment on her claim that the Division violated the Rehabilitation Act by refusing to approve her employment plan. The judge concluded that the Act did not require the Division to provide Williams with the precise services that she demanded. By the time of that court's decision, Williams had finally submitted to psychological testing and been admitted to a law school. But those later developments did not undermine the propriety of the Division's earlier denial based on Williams's status at that time.

On appeal Williams argues generally that she was "denied access to a job goal outcome" after "exercising [her] right" to develop an individualized plan for employment. Her appellate brief consists of unexplained block quotations from the Act and the Division's manual. To the extent that she intends to argue that the Division was obligated to approve her self-created employment plan, her argument fails.

We begin with the statute's terms and conclude that the Division did not violate the Rehabilitation Act by declining to endorse Williams's plan. Title I of the Act requires vocational counselors to consider a client's "informed choice" and "interests" in creating an employment plan, but they must also assess the client's "strengths, resources … abilities, [and] capabilities." 29 U.S.C. § 722(b)(4)(A); *see also Reaves v. Mo. Dep't of Elementary & Secondary Educ.*, 422 F.3d 675, 681–82 (8th Cir. 2005).[1] In a suit attacking whether an agency has followed these mandates, a reviewing court must base its decision on the preponderance of the evidence in the record. 29 U.S.C. § 722(c)(5)(J). The record evidence here warrants upholding the Division's decision. At the time of its decision, Williams did not allow the Division to evaluate her capabilities: she refused the Division's request to test her ability to learn a law-school curriculum. Moreover, she had not applied to law school, much less been accepted, further preventing the Division

---

[1] The Department refers to our decision in *Mallett v. Wisconsin Division of Vocational Rehabilitation*, 130 F.3d 1245 (7th Cir. 1997). That case, if we were to follow it, would require us to reject Williams's claim entirely because in it we held that covered persons had no private right of action to enforce Title I's requirements. *Id*. at 1251. But we do not follow *Mallett*, and the Department should not have relied on it, because Congress expressly overturned it through a 1998 amendment to Title I that provided a private right to bring civil actions to challenge decisions of vocational rehabilitation agencies. 29 U.S.C. § 722(c)(5)(J); *see Millay v. Me. Dep't of Labor*, 762 F.3d 152, 155 (1st Cir. 2014) (citing Workforce Investment Act of 1998, Pub. L. No. 105-220, sec. 404, § 102, 112 Stat. 936, 1146).

from assessing her ability to achieve her goal of becoming a lawyer. And she has not identified any information that she supplied to the Division from which it could have reasonably assessed her relevant strengths. In light of her inactions, the Division's rejection of her plan was sound.

Williams replies that she has now satisfied her vocational counselor's concerns, as she has taken a learning-disability assessment and been admitted to law school. We may assume that this is true, but these later developments do not call into question the Division's decision, which occurred *before* Williams took these actions. Furthermore, nothing prevents Williams from using the new developments to work with the Division to craft a mutually agreeable employment plan that reflects her currently assessable strengths.

AFFIRMED